UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Counsellors at Law
7 Century Drive - Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Secured Creditor
U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT
R.A. LEBRON, ESQ.
VER622
bankruptcy@feinsuch.com

| | |
|---|---|
| In Re: | Case No.: 17-18268 JNP |
| JUAN ESPINOSA | Adv. No.: |
| Debtor(s). | Chapter: 13 |
| | Hearing Date: 7/5/17 |
| | Judge: Hon. Jerrold N. Poslusny, Jr. |
| | **OBJECTION OF U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT TO CONFIRMATION OF DEBTOR'S PLAN** |

I, R.A. LEBRON, ESQ., do hereby certify as follows:

1. I am an attorney at law of the State of New Jersey associated with the law firm of FEIN, SUCH, KAHN & SHEPARD, P.C., attorneys for U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT, ("Secured Creditor" herein), and I am fully familiar with the facts and circumstances of the within matter.

2. Secured Creditor objects to confirmation of Debtor's plan for the reasons which follow:

(a) Secured Creditor holds the first mortgage on Debtor's residence which is located at 219 MAINE AVENUE, CHERRY HILL NJ 08002. As of the date of the bankruptcy filing, Debtor was in default on the terms of the Note and Mortgage. Total arrears due to Secured Creditor through the plan is estimated at $155,156.81. A Proof of Claim will be filed with the Court.

(b) Part 1 of the Debtor's plan proposes to fund the plan (at least partially) through a loan modification of the property securing Secured Creditor's claim by June 1, 2017. The plan lacks feasibility as the deadline has already passed. Assuming the Debtor intended to list a deadline of June 1, 2018, Secured Creditor objects because the proposed Chapter 13 bankruptcy plan is fully dependent upon Secured Creditor offering a loan modification and the timeframe is excessive. The debtor has demonstrated no independent, feasible means for curing arrears owed to Secured Creditor. Debtor hopes to be offered a loan modification and until that time, no money will be paid toward the arrears. Secured Creditor objects as this is

prejudicial and not feasible.

(c) The Debtor's plan does not appear to propose to maintain regular monthly mortgage payments. Secured Creditor objects to any provision that allows for Debtor to tender less than the full regular payment. Per Schedule A, there is no equity in the subject property. Therefore, in light of the failure of any intent to maintain regular payments outside of the plan and the lack of equity in the subject property, the Secured Creditor is not adequately protected.

(d) If the plan as proposed is confirmed, Secured Creditor respectfully requests that Debtor be bound by the terms of the Confirmed plan according to 11 U.S.C. 1327(a) and if the loan is not modified by a date to be determined, stay relief be granted in favor of Secured Creditor without further application of the Court.

(e) Furthermore, Secured Creditor objects to Debtor's confirmation in that if the Debtor is post petition delinquent with the Trustee at the time of confirmation and Debtors' case is dismissed, then any excess funds that the Chapter 13 Trustee is holding should be released to the Secured Creditor. Absent the release of any excess funds

in the possession of the Trustee, Secured Creditor is substantially harmed as the Debtor would have enjoyed the benefit of the automatic stay to the detriment of Secured Creditor. Absent such language in the Order of Confirmation, confirmation of Debtor's plan must be denied.

3. For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully objects to Debtor's plan and confirmation thereof.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Attorneys for Secured Creditor

_____
R.A. LEBRON, ESQ.

DATED: June 5, 2017

cc: BRAD J. SADEK - DEBTOR(S)' ATTORNEY
    ISABEL C. BALBOA - TRUSTEE